**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| HUMBERTO BALMORIS DELGADO-HERNANDEZ, <br><br> Petitioner, <br><br> v. <br><br> ERIC H. HOLDER, Jr., Attorney General, <br><br> Respondent. | No. 12-72949 <br><br> Agency No. A200-116-735 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 13, 2014[**]

Before:   CLIFTON, BEA, and WATFORD, Circuit Judges.

Humberto Balmoris Delgado-Hernandez, a native and citizen of El Salvador,

petitions pro se for review of the Board of Immigration Appeals' ("BIA") order

dismissing his appeal from an immigration judge's decision ("IJ") denying his

application for asylum, withholding of removal, and relief under the Convention

---

[*]   This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]   The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Cordoba v. Holder*, 726 F.3d 1106, 1113 (9th Cir. 2013). We deny the petition for review.

Even if Delgado-Hernandez's notice of appeal to the BIA was specific enough to meaningfully challenge the IJ's denial of his claims, substantial evidence supports the agency's finding that Delgado-Hernandez's experiences in El Salvador, including three unfulfilled threats from gang members, did not rise to the level of past persecution. *See Hoxha v. Ashcroft*, 319 F.3d 1179,1182 (9th Cir. 2003) (unfulfilled threats received by ethnic Albanian "constitute harassment rather than persecution"). In light of our conclusion, we need not address Delgado-Hernandez's contentions regarding nexus. Substantial evidence also supports the agency's determination that Delgado-Hernandez did not establish a well-founded fear of future persecution. *See Gonzales-Medina v. Holder*, 641 F.3d 333, 338 (9th Cir. 2011) (in the absence of past persecution, the burden is on petitioner to show that relocation would be unreasonable). Thus, Delgado-Hernandez's asylum claim fails.

Because Delgado-Hernandez has not established eligibility for asylum, he necessarily cannot meet the more stringent standard for withholding of removal. *See Zehatye v. Gonzales*, 453 F.3d 1182, 1190 (9th Cir. 2006).

Finally, Delgado-Hernandez does not raise any arguments regarding the denial of CAT relief. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259-60 (9th Cir. 1996) (issues not specifically raised and argued in a party's opening brief are waived).

**PETITION FOR REVIEW DENIED.**

12-72949